IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MICHAEL WALLACE | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| | § | |
| | § | |
| MIDLAND CREDIT MANAGEMENT, INC | § | |
| | § | |
| | § | |
| | § | Demand for Jury Trial |
| | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW the Plaintiff, MICHAEL WALLACE by Counsel, Dennis McCarty, and

for his complaint against the Defendant, alleges as follows:

**PRELIMINARY STATEMENT**

1.  This is an action for actual, statutory, costs, and attorney's fees brought

pursuant to 15 U.S.C. §1692 (Federal Fair Debt Collect Act).

**JURISIDICTION AND VENUE**

2.  Jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C.

§1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a

substantial part of the events giving rise to this claim occurred in this Judicial District.

1

**PARTIES**

4.   Plaintiff, Michael Wallace (hereinafter Plaintiff) is a natural person and is a resident and citizen of Dallas County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Midland Credit Management, Inc., (hereinafter Defendant), is a "debt collector", as defined 15 U.S.C §1692a(6) and engaged in the business with the purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Texas.


**FACTUAL ALLEGATIONS**

6.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7.   Defendant is a debt collector as defined by the Fair Debt Collection Act.

8.   Defendant contacted Plaintiff after they were informed that Plaintiff was represented by an Attorney.

9.   On March 8, 2012, a fax was sent to Defendant putting Defendant on notice that my law firm was representing Plaintiff.

10. Shortly after the fax was sent, a call was made to Defendant to discuss this debt and informed Defendant again that the Plaintiff was represented when the Defendant's employee asked, "are you calling from a law firm?", and the response was "yes".

11. Defendant sent Plaintiff a letter directly to his house dated 4/28/12, more than

a month after being informed on two (2) different occasions that Plaintiff was represented by an attorney on this debt.  Plaintiff's attorney never gave consent to Defendant to communicate with Plaintiff.

12. Defendant is maliciously, willfully, and/or negligently violating the Fair Debt Collection statutes in an attempt to collect Plaintiff's alleged debt.

13.  As a result of Defendants conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

14. As a result of Defendant's conduct, Plaintiff has suffered actual damages and all to Plaintiff's great detriment and loss.

15. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

17.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18.  This suit is based upon the Defendants violation of the Federal Fair Debt Collection Act.  All causes of action were the producing causes of damages which Plaintiff suffered.

### *Count I: Fair Debt Collection Act*

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20.  Defendant violated Federal Statute 15 U.S.C. §1692c(a)(2).  Defendant contacted Plaintiff after they were informed that Plaintiff was represented by an Attorney.

On March 8, 2012, a fax was sent to Defendant putting Defendant on notice that my law firm was representing Plaintiff.  Shortly after the fax was sent, a call was made to Defendant to discuss this debt and informed them again that the Plaintiff was represented when the Defendant's employee asked, "are you calling from a law firm?", and the response was "yes".  On or about 4/28/12, Defendant sent Plaintiff a letter that was dated 4/28/12 directly to Plaintiff's house, without the consent of Plaintiff's attorney, more than a month after being informed on two (2) different occasions that Plaintiff was represented by an attorney on this debt violating 15 U.S.C. §1692c(a)(2). The section entitled "False or misleading representations" under 15 U.S.C. §1692c reads:

> (a)(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

21.  As a result of Defendant's conduct, Plaintiffs has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

22.  As a result of Defendant's conduct, Plaintiffs has suffered actual damages and  all to Plaintiff's great detriment and loss.

23.  At all times pertinent hereto, Defendant was acting by and through their

agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

24. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless disregard for federal laws and the rights of the Plaintiff herein.

25. The conduct of Defendant was a direct and proximate cause, as well as a Substantial factor in bringing about the damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory damages, costs and attorney fees as well as such other relief, permitted by law.

## DEMAND FOR JURY TRIAL

26. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1692k;

(b) Statutory damages pursuant to 15 U.S.C. §1692k;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

(d) Such other and further relief as may be necessary, just and proper.

Dated: May 20, 2012

Respectfully submitted,

/s/ Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Federal Bar No. 993800
P.O. Box 54172
Hurst, TX., 76054
Telephone: 817-704-3375
Fax (817) 887-5069
dmccartylaw@att.net